Charles G. Strohmeyer, as Tax Collector, Sarasota County; and J. M. Lee, as Comptroller; W. S. Harris, *et al.,* as and constituting the Board of County Commissioners, Sarasota County, Intervenors, v. Rembrandt Corporation, a Delaware Corporation.

168 So. 242.
Opinion Filed March 28, 1936.

*Cary D. Landis,* Attorney General, and *H. E. Carter* and *J. V. Keen,* Assistants, *Williams & Dart* and *Winder Surrency,* for Appellants;

*Milam, McIlvaine & Milam* and *Robert R. Milam,* for Appellee.

Buford, J.—The appeal in this case is from an order denying motion to strike parts of the Bill of Complaint.

The Chancellor, in a splendid opinion filed in the court below, says, in part:

"The above cause was presented to the Court on a motion to strike parts of the Bill of Complaint, and in order to more fully understand the questions involved, it is well to give a resume of the facts as they appear in the Bill of Complaint, or so much of them as relate to the character of the property affected.

"With a view to making it available to the public, John Ringling sometime prior to the year 1927, acquired a collection of the paintings and works of art of some of the world's most famous artists. He caused to be incorporated

the John and Mabel Ringling Museum of Art, a corporation not for profit, membership in which is available to any person interested in fine arts. He thereupon built a structure to house this collection and conveyed the same to the John and Mable Ringling Museum, where ever since the exhibit has been of use to, and enjoyed by, the public. Title to the paintings remained in John Ringling until the year 1932, when he conveyed them in good faith to the complainant, a corporation having for its object the owning and loaning of objects of art. In this same year, 1932, complainant loaned to John and Mable Ringling Museum of Art all except eight of the paintings with the stipulation that the borrower would protect the property, deliver the whole or part of it to or upon instructions of the complainant, and until such delivery and return would make no use of it, 'except to exhibit same at its museum at Sarasota, Florida.'

"Since the execution of this agreement the property has been used only for the purposes agreed upon. In 1927 the taxing authorities visited the property and decided that it should not be taxed, and from the years 1927 until 1935, inclusive, through no inadvertence but as a result of deliberation, it was not assessed. 'In connection with the museum' John Ringling established on a tract of land adjacent to the museum a school of art which has existed continuously since 1931 at a loss borne by him. The school was established at Sarasota because of the advantage to its prospective students of the works of art above mentioned. The building of John and Mable Ringling Museum, the land it occupies and the property devoted to the school, have never been taxed.

"About December 1st, 1933, after the tax roll and two copies thereof with warrants attached were delivered to

the Tax Collector, Clerk of the Circuit Court and Comptroller, respectively, the Tax Assessor added to the copy retained by him and the one delivered to the Tax Collector an entry of taxes for the years 1930 to 1933, both inclusive.

"Above is given in brief form so much of the bill of complaint as relates to the character of the property sought to be taxed. Of course, for the purpose of passing on the phase of the controversy with which we are now dealing, the statements of the bill are considered to be true and it is with this in mind that an approach is made to a decision on the motion."

He held that the property involved was, and is, exempt from taxation under Section 16, Article XVI, of the Constitution.

The only difference between the matters to be determined in this case and those which were determined in the case of Newton Lummus, County Tax Assessor, and Bob Simpson, County Tax Collector, v. The Florida Adirondack School, Inc., a Florida Corporation, opinion filed at this Term of the Court, is that in that case we were dealing with a literary school as the educational factor for which the property was being exclusively held and used, while in this case we are dealing with an exhibit of works of art as the educational factor for which the property is being exclusively held and used.

We think that the allegations in the bill of complaint were sufficient to show that the property involved was at the time the assessment was sought to be made property of a corporation held and used exclusively for educational purposes. Therefore, the order appealed from should be affirmed on authority of the opinion and judgment in the case of Lummus, etc., v. Florida Adirondack School, Inc., *supra.*

It is so ordered.

Affirmed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

TERRELL, J., agrees to the conclusion.

ELLIS, P. J., not participating.