MATHEWS, Justice.
This is an appeal from a final decree wherein the Chancellor found and decreed that certain property was exempt from taxation.
The parties filed a stipulation agreeing to certain facts. The appellee, a corporation for profit, was the fee owner of the property by reason of a foreclosure proceeding. After having acquired the title to the property, it was rented by the ap-pellee to the Miami Military Academy for a period of ten years under a written lease. The Miami Military Academy is a corporation not for profit and before the foreclosure, as well as after the written lease, it used the property for educational purposes. The foreclosure proceedings occurred during 1950. Beginning with the year 1951 the property was placed on the tax rolls. The appellee became the owner of the property 'by reason of a Special Master’s Deed on November 22, 1950. The question presented to the Court below and presented here is whether or not the property in question should be exempt from taxation.
In arid by the final decree the Chancellor stated, “* * * it appears a decision will necessarily be based upon an interpretation of Section 16, Article XVI of the Florida Constitution.” The final decrée also contained the following:
“Considered,..ordered and adjudged:
“1. That the property herein sought to be taxed by the defendant J. N.-Lummus, Jr., as Tax Assessor, is actually exempt under the applicable Article and Section of the Constitution of this State.
“2. That the use and purposes to which this property has been devoted since leased by plaintiff to Miami Military Academy áre not of such a nature as to bring about a revocation of the tax exempt character thereof, as determined by the Supreme Court of this State in Lummus v. Miami Military Academy, Inc., 123 Fla. 832, 168 So. 241, and the companion case of Lummus v. Florida Adirondack School, Inc., 123 Fla. 810, 168 So. 232. In arriving at this conclusion, I have taken into consideration the language contained in the lease existing between ' the plaintiff and Miami Military Academy, Inc., and especially the clause fixing a nominal rental for the use of a substantial tract of land. It further appears in the lease that this property shall be devoted to none other than educational purposes. Under the Florida Constitution, F.S.A., all real property, while so used, is exempt from taxation. It is noteworthy that prior decisions of the Supreme Court' have declared' that it is the utilization of the property that determines its exempt character; that it is the land which becomes exempt from taxation rather than the owner thereof.”
Section 16 of Article XVI of the State Constitution reads as follows:
“Taxation of corporate property
“The property of all corporations, except the property of a corporation which shall construct a ship or barge *388 canal across the peninsula of Florida, if the Legislature should 'so enact, whether heretofore or hereafter incorporated, shall be subject to taxation unless sucht property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes.” (Emphasis supplied.)
In the case of Lummus v. Florida-Adirondack School, Inc., 123 Fla. 810, 168 So. 232, 240, the land involved was owned by a private corporation for profit. There was a long stipulation of fact to the effect that the primary object and purpose of the corporation was to operate and maintain a preparatory school or academy for promotion of knowledge and education and that all. other powers of the corporation were merely incidental thereto. It was agreed in the stipulation that the property in question was not used for any other purpose. The Court held that the exemption provided for was not determined by the character of the corporation owning the property but by the character of purpose for which the property was held and used. It was the property rather that the corporate entity which was exempt. The opinion concluded with the statement:
“We hold that the property involved in this case, because of its long-continued use as a school, was exempt under the Constitution and laws of Florida. ?'**”•
The Miami Military Academy acquired the land in question in 1935 and began the operation of an educational institution. In 1950 there were two mortgages upon the property which became in default and resulted in the foreclosure and sale of the property to the appellee.
After this sale the appellee entered into the ten-year lease above mentioned with the Miami Military Academy, which lease, among other 'things, ■ provides as follows:
“Whereas,-the-Lessor is willing for the' Miami Military Academy' to continue in possession of' 'the property hereinabove described, provided that • the same is used for educational pur- ■ ■poses, -particularly for the education of young children, and
“Whereas, the Miami Military Academy has agreed to bear all of the expenses in connection with the maintenance and care of the premises herein demised, and to make such repairs thereto as may become necessary from time to time and to perform, in addition, improvements to the property in order to permit a more complete use thereof, for educational purposes, it is mutually agreed:
“In consideration of the sum of $10.00 per year, for a period of ten years, Lessor does hereby grant unto the Lessee full use and enjoyment of the premises above described, it being specifically understood that the property shall be used for no purposes . other than educational, and it being specifically understood that should the Lessee attempt to sub-lease the premises herein described for any purpose, other than ‘educational, resulting in a financial gain to Lessee from the operation of these premises, this lease shall be void and of no- effect.”
It appears to be the purpose of Section 16 of Article XVI of the State Constitution, F.S.A., to tax all property of a corporation “unless such property be held and used exclusively for religious, scientific, municipal, educational, literary or charitable purposes.” (Emphasis supplied.)
There can be no question that this property under the facts shown, in the stipulation and the lease is “used” exclusively for an educational purpose. The important question is whether on not it was also “held” for that purpose.
In the case of Strohmeyer v. Rembrandt Corp., 123 Fla. 833, 168 So. 242, the property was owned by a Delaware corporation and- was, loaned to a Florida nonprofit corporation with a stipulation that such cor *389 poration would protect the property, deliver it upon instructions and would make no use of it “except to exhibit same at its museum at Sarasota, Florida.” The property involved consisted of valuable paintings and works of art. In his Opinion on the Motion to Strike, the Chancellor said:
“The Court is further of the opinion'that the requirement of the constitution that the property be ‘held and used’ is met by the possession under the loan agreement and the exhibition as alleged, regardless of the legal title.”
On appeal to this Court the above opinion was affirmed and this Court said:
“We think that the allegations in the bill of complaint were sufficient to show that the property involved was at the time the assessment was sought to be made property of a corporation held and used exclusively for educational purposes. Therefore, the order appealed from should be affirmed on authority of the opinion and judgment in the case of Lummus, etc., v. Florida Adirondack School, Inc., supra.” (Emphasis supplied.)
It is claimed that the property in the case now before us should not be exempt and should be taxed under the authority of Jefferson Standard Life Ins. Co. v. City of Wildwood, 118 Fla. 771, 160 So. 208. In that case the property involved was originally owned by the church. It was developed and improved as church property and was not adapted to any use other than as church property. The Jefferson Standard Life Ins. Co., a commercial concern, loaned money to the church and took a morgage on the property. .So far as the insurance company was concerned this was purely a commercial transaction. In due course the mortgage became in default and foreclosure resulted. Thereafter the building and the lot were rented to the church by the Jefferson Standard Life Ins. Co., and it was alleged that same was continuously used thereafter, by the congregation as a house-of. public.-worship and during none of said time had the building - been rented or hired for any other purpose. The terms of the rental agreement are not shown in the record and the record was entirely silent as to the amount of rentals to be paid by the church to the Jefferson Standard Life Ins. Co. It is a matter of common knowledge that the insurance company was an active and going Commercial institution and engaged in transactions of loaning money and acquiring property for profit. We have repeatedly, held that the exemption provision about taxation should be strictly construed and as the only purpose for the existence of the life insurance company was commercial and the affairs of such company are controlled by the laws duly enacted, it is presumed in the absence of any showing to the contrary that the rental of the property by the insurance company to the- church was a commercial transaction so far as the insurance company was concerned. The burden in that case was upon the insurance company to allege and prove that the property was “held and used exculsively for religious * * * purposes”.
It therefore appears that the facts in the case of Jefferson Standard Life Ins. Co. v. City of Wildwood, supra, and the case at bar are entirely different.
It was suggested in oral argument that the transaction between the two corporations in this case and the individuals owning or controlling such corporations constituted , fraud, or was a. scheme to evade taxation, or that the transactions between the two corporations and the individuals were not in good faith.
There are no allegations in the bill of complaint or anything else in the record to show that the appellants were relying upon fraud or bad faith or an alleged scheme to evade taxation. Fraud or bad faith must be clearly alleged in the pleadings in order’ to present an issue’ relating thereto to this Court. ’
The decree of the Chancellor was based upon the record before him, which included the. lease for ten, years. .It could, not be *390 based upon a question not presented by the pleadings and raised for the first time in the argument on appeal.
Affirmed.
TERRELL, Acting Chief Justice, SEBRUNTG, J., and PARKS, Associate Justice, concur.