TERRELL, Justice.
On application for certiorari we granted the writ and set the cause for argument on the question of jurisdiction and the merits. Since hearing and considering the argument we are convinced that the writ should be discharged.
We fail to find merit in the contention of petitioners that this court is concerned here with a “business college” and that it *780 has never determined whether or not such a school is an educational institution as would entitle it to exemption from taxes under Section 1, Article IX of the Constitution, F.S.A.
The chancellor among other things found:
“ * * * that plaintiff is a non-profit corporation under the laws of this state having operated under its charter as an educational institution since 1948. Plaintiff’s activities have been and are to maintain and operate an educational institution developing learning and skill in the field of business law and accounting, and in stenographic and secretarial capacities. The educational subjects taught by plaintiff substantially parallel like subjects taught in the public schools and higher educational institutions of Du-val County and elsewhere in Florida. The curriculum covers training and instruction in mathematics, business law, business English, typewriting, shorthand, spelling, accounting, economics, public speaking and federal taxation, among others.”
The chancellor also found that respondent has distributed no dividends but that its assets have been used, after paying reasonable salaries and expenses, to improve the school plant and equipment; that respondent is accredited by the Accrediting Commission of Business Schools, an agency recognized as such by the Commissioner of Education, Department of Health, Education and Welfare, Washington, D. C. Completion of certain of respondent’s courses of study is accepted by the Florida State Department of Education for teacher accreditation purposes. In our view these findings of the chancellor as approved by the District Court of Appeal would certainly bring respondent within the exemption provided in Section 1, Article IX of the Constitution. The following cases support this view: Strohmeyer v. Rembrandt, 123 Fla. 833, 836, 168 So. 242; Lummus v. Cushman, Fla.1949, 41 So.2d 895; Miami Battlecreek v. Lummus, 140 Fla. 718, 192 So. 211; Riverside Military Academy v. Watkins, 155 Fla. 283, 19 So.2d 870. See also cases cited in opinion of District Court of Appeal, First District, by Wigginton, Acting Chief Judge.
In this holding we do not overlook City of Detroit v. Detroit Commercial College, 322 Mich. 142, 33 N.W.2d 737; Parsons Business College v. City of Kalamazoo, 166 Mich. 305, 131 N.W. 553, 33 L.R.A.,N.S., 921; Webb Academy v. City of Grand Rapids, 209 Mich. 523, 177 N.W. 290; Graphic Arts Educational Foundation, Inc. v. State, 240 Minn. 143, 59 N.W.2d 841, relied on by petitioners to support their contention. In these cases Michigan and Minnesota applied the test that for an educational institution to enjoy exemption from taxation the course of study must fit into the general scheme of education provided by the state and supported by public taxation. The Michigan court accordingly held that Detroit Commercial College was a specialized school or college operated for the purpose of training students to enter into specialized fields of employment and was not entitled to tax exemption. The Minnesota court approved.
In this state the constitutional provision authorizes the legislature to define the terms under which property may be exempt from taxation when used for municipal, educational, literary, scientific, religious or charitable purposes. The cases cited herein define the governing rule. It is necessarily different from the rule followed in the Michigan and Minnesota cases because the statutory and constitutional provisions there are different.
The writ of certiorari is accordingly discharged.
HOBSON, DREW, ROBERTS, THOR-NAL and O’CONNELL, JJ., concur.
THOMAS, C. J., agrees to conclusion.