**ORANGE PARK KINDERGARTEN, Inc. v. SMITH, Tax Assessor.**

No. 3951.

Circuit Court, Clay County.

May 13, 1965.

Frank G. Kurka, Jacksonville, for plaintiff.

Jennings & Norton, Green Cove Springs, for defendants.

TYRIE A. BOYER, Circuit Judge.

*Final decree:* This cause having come on for trial before the court, and the court having heard all of the evidence and read the briefs filed by the parties hereto, the court makes the following findings, to-wit —

1. That plaintiff, Orange Park Kindergarten, Inc., is a Florida corporation organized under chapter 608 of the Florida Statutes; (and not under chapter 617, "Corporations Not For Profit"); that the charter of such corporation provides that its principal purpose shall be to engage in the operation of a kindergarten and nursery school; that on January 1, 1964, plaintiff was and still is engaged in the operation of a kindergarten and nursery school on certain property located in Orange Park, Clay County, described on the tax rolls of Clay County as follows —

"Parcel 8945 described as part of lot 2 and all of lots 3, 4, and 5, block "F" west of state road 15 as recorded

in official record book 51, page 550, Marshall's subdivision, section 1, Orange Park; and,

"Parcel 8966 described as part of lot 10, block 6, recorded in official record book 51, page 550, section 1, Orange Park,"

and more particularly described as —

[Detailed legal description omitted.]

2. That plaintiff, Orange Park Kindergarten, Inc., was vested with the fee simple title to such property on and prior to January 1, 1964.

3. That the plaintiff's personal property consisting of furniture, business machines and equipment located in the building on such property are necessary to the operation of said kindergarten and are used exclusively for such purpose.

4. That the primary purpose and interest of said kindergarten is the education of children of a pre-school age, and not profit.

5. That plaintiff provides a need for the education of children of pre-school age which is not provided by the public schools of Clay County.

6. That the compensation paid by plaintiff to its officers and employees is reasonable in the light of the services rendered by them to the plaintiff; and that although plaintiff is a corporation for profit, it has paid no dividends to its stockholders and it has accumulated no surplus from which dividends might be distributed, and none may be reasonably anticipated in the reasonably near future; and that the profits made by plaintiff from the operation of said kindergarten have not been sufficient to meet its own requirements to maintain itself.

7. That the program of education taught by plaintiff substantially parallels the educational subjects taught in publicly owned and operated kindergartens and nursery schools in the state of Florida; and that the courses or educational information offered by the plaintiff are comparable to the courses contemplated by the school code of this state for public nursery schools and kindergartens.

8. That by letter dated March 31, 1964, plaintiff made application to the tax assessor of Clay County for a tax exemption for the subject property on the ground that said property was used for educational purposes within the contemplation of the constitution and statutes of the state of Florida, which letter of application was received by said tax assessor.

9. By letter dated July 25, 1964, the said tax assessor, Louise G. Smith, denied the requested exemption.

10. That plaintiff filed a timely application for reconsideration of said application for tax exemption with the board of county commissioners of Clay County sitting as a board of equalization; and that on August 17, 1964, the board of equalization denied said application.

11. That even though the application for exemption, above referred to, was not perfect in form, it was sufficient, and any imperfections therein were waived by the tax assessor in her denial of the requested exemption.

12. That this suit was filed on October 22, 1964.

The issues to be resolved are as follows —

a. Does the fact that the plaintiff is a conventional corporation, as distinguished from a corporation not for profit, organized under chapter 617 of the Florida Statutes, per se, prohibit it from obtaining tax exemption under the constitution and laws of the state of Florida providing for exemption of property held and used exclusively for educational purposes?

b. Does a privately owned kindergarten and nursery school qualify as an educational institution?

c. Is the plaintiff entitled to have its property exempt from taxation under the facts of this case, to-wit: as above found?

The tax exemption provisions of the constitution of Florida, so far as applicable to the case at bar, are contained in two sections and are as follows —

### Section 1, Article IX

"The legislature shall provide for a uniform and equal rate of taxation, *** and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal, excepting such property as may be exempt by law for *** education *** purposes."

### Section 16, Article XVI .

"The property of all corporations, *** shall be subject to taxation unless such property be held and used exclusively for *** educational *** purposes."

Florida Statute 192.06 provides, so far as applicable to the case at bar, as follows —

"The following property shall be exempt from taxation:

\* \* \*

(3) Such property of educational institutions \*\*\* as shall actually be occupied and used by them for such purposes for which they have been or may be organized, \*\*\* Provided further, that educational institutions as used in this chapter shall mean state tax supported, parochial, church and non-profit private schools, colleges or universities conducting regular classes and courses of study required for eligibility to, certification by, accreditation to or membership in the southern association of colleges and secondary schools, state department of education or the Florida council of independent schools \*\*\*".

The primary thrusts of the defendants' defenses are that the plaintiff is a corporation for profit operating a baby sitting service and not an educational institution and that it does not, and in fact cannot, meet the requirements of the proviso set forth in Florida Statute 192.06 (3), as above quoted.

It is worthy of note that the defendant tax assessor, in her letter of denial of the requested exemption (plaintiff's exhibit #3) stated that, "\*\*\* we feel it is strictly a business *even though you teach an educational program*" (italics added), and in responding to a request for admissions which were propounded by the plaintiff to the defendant tax assessor, which request for admissions was received into evidence during the trial of the cause, the said defendant admitted "that plaintiff, \*\*\* operates a school which provides educational instruction for children of pre-school age on the [subject] property \*\*\*".

It is clear from the evidence, as above found, that the plaintiff's primary purpose and intent is education and not profit and that although some of its pupils remain beyond the close of the customary school day, and all are of tender years, the plaintiff's function is not intended to be a baby-sitting service.

A consideration of the cases in point reveals, and the court holds, that the mere fact that the plaintiff is a conventional corporation, as distinguished from a corporation not for profit, does not, per se, deprive it of the right, if otherwise qualified, to exemption. (See Lummus, Tax Assessor v. Fla. Adirondack School, Fla., 168 So. 232; Riverside Military Academy, Inc. v. Watkins, Fla., 19 So. 2d 870; State of Florida v. Inter-American Center Authority, Fla., 84 So. 2d 9; University Club v. Lanier, Fla., 161 So. 78; and State v. St. Johns, Fla., 197 So. 131)

Having found and held that the plaintiff corporation operates an educational institution and not a baby-sitting service and that the mere fact that its corporate existence is by virtue of chapter

608 of Florida Statutes as distinguished from chapter 617, does not, per se, deprive it of statutory exemption, the remaining issue to be resolved is whether the plaintiff is entitled, under the facts of this case, to the requested exemption.

This court finds that the plaintiff operates an educational institution within the meaning of the term "educational" as used in the constitution of the state of Florida. Webster's New International Dictionary defines a kindergarten as —

"A school for young children conducted on the theory that education should be begun by gratifying and cultivating the normal aptitude for exercise, play, observation, imitation and construction, and emphasizing the necessity for social training."

Kindergarten and nursery schools are specifically included in the State Plan For Public Education, as adopted by the legislature. Florida Statute 228.14 provides that —

"The public schools of Florida shall, in addition to the elementary and high schools prescribed in section 228.13, include *nursery schools, kindergartens,* ***". (Italics added.)

Even though play is a part of the curriculum of a kindergarten, the method of teaching children of pre-school age who can neither read nor write must of necessity be through a medium which they can understand. Games and songs provide an opportunity for children of pre-school age to learn to memorize and recite; to learn the alphabet and to recognize numerals; to learn about nature and the world about them; the use of correct language; how to get along with teachers and with other children; how to use their time and talents to the best advantage; art and swimming. All of these things, among others, teach coordination of mind and body, and prepare children for more formal education when they enter the first grade.

The absence of formal subjects does not alter the educational character of plaintiff's school. (Strohmeyer v. Rembrandt Corp., Fla., 168 So. 242; Jones Business College v. Simpson, Fla., 113 So. 2d 760; Stoolman v. Camden County, etc., 185 A. 2d 436, 440; Bohemian Gymnastic Assn. v. Higgins, 147 F. 2d 774.)

The payment of tuition by students does not defeat a right to tax exemption as an educational institution. (Lummus v. Florida Adirondack School, Fla., 168 So. 232; Riverside Military Academy v. Watkins, Fla., 19 So. 2d 870; Simpson v. Jones Business College, Fla., 113 So. 2d 760.)

A careful examination of section 1, article IX, of the constitution reveals that it authorizes the legislature to "exempt by law" property for the purposes there designated. However, no

such authority is delegated to the legislature by section 16, article XVI. In the latter section the constitution specifically provides that the property of all corporations shall be subject to taxation— "unless such property be held and used exclusively for \*\*\* educational \*\*\* purposes". As stated by the Supreme Court of Florida in Smith v. Housing Authority of City of Daytona Beach, Fla., 3 So. 2d 880, at page 882, recognizing the distinction between the two sections of the constitution —

"\*\*\* It is patent therefore, that the exception in the organic law relating to the taxation of corporate property must be established as a matter of fact *and is not one of legislative definition*." (Italics added.)

As will be noted, the proviso contained in Florida Statute 192.06 (3) purports to define the term "educational institutions". Though such proviso is permitted, and appears to have been contemplated by, section 1, article IX of the constitution, it does, insofar as is concerned property owned by a corporation and used for educational purposes which do not fit the definition set forth in said proviso, constitute an attempted limitation upon the constitution and to that extent is invalid and unconstitutional and void. In short, if we apply the argument urged by the defendant to the effect that the plaintiff does not conduct an educational institution within the meaning of the proviso in Florida Statute 192.06 (3) for the reason that the plaintiff's kindergarten is not a tax supported, parochial, church or non-profit private school, conducting classes and courses "required for eligibility to, certification by, accreditation to, or membership in the southern association of colleges and secondary schools, state department of education or the Florida council of independent schools", then as so construed, as to the plaintiff corporation and the kindergarten and nursery school operated by it, said proviso in said statute is unconstitutional and void.

Although an opinion of the attorney general of the state of Florida is not binding authority, such an opinion is, in the absence of other pertinent authority, persuasive. (Mack S. Haines, etc., et al v. St. Petersburg Methodist Home, Inc., 2 D.C.A. Fla., opinion filed February 19, 1965). On April 3, 1963, the attorney general rendered opinion no. 063-34 entitled "Re Nursery Schools and Kindergartens as Educational Institutions, Tax Exemptions, etc." wherein he concluded that —

"Nursery schools and kindergartens owned and operated in this state, by persons, firms and corporations, which offer educational courses meeting the requirements of publicly

operated nursery schools and kindergartens in substance, whose primary purpose and intent is educational and not profit, as above discussed are entitled to exemption from taxation as educational institutions within the purview of section 1, article IX and section 16, article XVI, of the Florida constitution; provided,

"They meet the standards required of nursery schools and kindergartens, operated under the Florida School Code, and the courses of study required under said school code.

"To entitle nursery schools and kindergartens to tax exemption they must offer something more than baby sitting and custodial services; they must offer educational courses like or similar to those courses offered by publicly operated nursery schools and kindergartens."

In consideration of the foregoing, it is ordered, adjudged and decreed that —

1. The real property more particularly described in numbered paragraph 1 on pages 1 and 2 of this decree and the personal property located thereon on January 1, 1964, was used for educational purposes within the intent and meaning of that term as set forth in the constitution of the state of Florida, and by virtue thereof the said property, both real and personal, was and is wholly and completely exempt from the assessment of ad valorem and personal property taxes, and the levy thereof, for the year 1964 and for such succeeding years, as long as said property continues to be used for educational purposes and not for profit.

2. Any tax or taxes, assessment of taxes, levy of taxes, sale or attempted sale therefor at any time for the nonpayment of ad valorem or personal property taxes for the year 1964 is hereby declared wholly null and void and of no force or effect.

3. The defendants herein severally, and the officers, agents, servants and employees of the state of Florida and county of Clay, or any other taxing body, unit, entity or district be, and they are hereby, severally enjoined and restrained from selling or attempting to sell or transfer any of the aforesaid property by reason of any ad valorem or personal property tax, tax certificate or certificates now or hereafter outstanding on said property for 1964.

4. The plaintiff shall have and recover from the defendants its costs as may be hereinafter taxed.