QUESTION:
Are the following organizations entitled to exemption under Ch.196, F.S., assuming that the subject property of each was predominantly or exclusively used for the purposes for which the organization was organized: Young Men's Christian Association; American Legion Post; Elks, Moose, Masons, and similar fraternal organizations; Community or subdivision association clubhouses?
SUMMARY:
Property belonging to the Young Men's Christian Association, American Legion Post, Elks, Moose, Masons, or similar fraternal organizations, or community or subdivision association clubs is not entitled to exemption from ad valorem taxation simply because the property is being predominantly or exclusively used for the purposes for which the organization was organized. Property belonging to such organizations may be exempt from ad valorem taxation in whole or in part, if the property is being exclusively or predominantly used for exempt purposes within the purview of s. 196. 012(1) and other relevant sections of the Florida Statutes.
The nature of your question is such that it cannot categorically be answered in the affirmative or the negative, but hopefully the following discussion will clarify and illuminate this particular area of tax exemptions.
In general, tax exemptions are in the nature of special privileges or immunities granted by the sovereign only when and to the extent that they may be deemed to conserve the general welfare. Lummus v. Florida Adirondack School, Inc., 168 So. 232 (Fla. 1936). Thus, provisions for tax exemption are "strictly construed and carefully scrutinized." Genesee Corporation v. Owens, 20 So.2d 654, 656
(Fla. 1945).
The Florida Constitution is the emanating source for tax exemptions, and the legislature does not have the authority "to amend, add to, detract from, or alter, in favor of or against claimants not strictly entitled, or debarred, under the words of the Constitution itself." [See] 31 Fla. Jur. Taxation s. 135. See also, Lanier v. Tyson, 147 So.2d 365 (2 D.C.A. Fla., 1962). Article VII, s. 3(a), State Const., provides, in pertinent part: "Such portions of property as are used predominantly for educational, literary, scientific, religious or charitable purposes may be exempted by general law from taxation."
Section 196.001, F.S., requires that all real and personal property in this state be taxed "[u]nless expressly exempted from taxation."
"Exempt use of property" is defined by s. 196.012(1), F.S. (1972 Supp.), and definitions and criteria for determining whether the use of property is within the definition of exempt use of property are provided elsewhere in Ch. 196, F.S. See ss. 196.012(4), (5), and (6), 196.193, 196.195, 196.196, 196.197, 196.198, and 196.199.
As indicated by the above constitutional and statutory provisions, it is the character of the use to which property is put, and not the character of the owner of the property, that is the determinative criterion in granting a tax exemption. In AGO 071-247, I expressed the opinion that
"Under the above statutory provision, ownership and utilization of the property are the criteria to be used in determining its exemption from taxation. Ownership of the property by a charitable institution is not sufficient by itself; there must also be a utilization of the property for a charitable purpose. However, it is well recognized that the character of the use to which the property is put is the predominant and more important criteria of the two. Lummus v. Florida Adirondack School, Fla. 1934,168 So. 232; Gautier v. Biscayne Shores Imp. Corp., Fla. 1953,68 So.2d 386; AGO 058-279. This is quite proper because it is the property itself which is granted the tax exemption and not the corporate entity which owns it."
Because it is the actual use which is being made of the property which is determinative of whether the granting of a tax exemption under one of the above-mentioned sections is proper, it is impossible to say whether the organizations mentioned in your question would be entitled to a tax exemption simply if they are using the property "for the purposes for which they were organized." That standard is irrelevant in ascertaining whether a tax exemption may be granted. See AGO's 061-64 and 063-146. The use of the property must comply with Florida's Constitution and statutes. The determination of whether or not the statutory criteria have been met is a factual determination which must be made in the first instance by the tax assessor. Section 196.193, F.S. It is, therefore, entirely possible that property belonging to one of the organizations mentioned in your question will quite properly be entitled to a tax exemption in County A, but quite properly denied an exemption in County B, because of different fact situations concerning the use of the property in the two counties.