WIGGINTON, Judge.
Appellants seek review by interlocutory appeal of an order rendered by the trial court in connection with discovery proceedings. It is contended that the trial court abused its discretion in limiting the scope of appellants’ motion to produce documents and other information deemed necessary in the adequate preparation of appellants’ defense.
Appellee is a land development corporation which owns in excess of 10,000 acres of land in Volusia County designated as “University Highlands” on maps recorded in the public records of that county. It instituted this action in mandamus by the filing of its petition, in count one of which it prays for a peremptory writ commanding appellant tax assessor to amend the valuation placed by him on its lands by reducing it to a figure alleged to have been the value agreed upon and adopted by the Board of County Commissioners sitting as the Board of Equalization. It further prays that appellant tax collector be enjoined from selling any of its land for the purpose of satisfying any taxes in excess of the amount claimed to be due by it. In count two of its petition appellee alleges that its entire land holdings in Volusia County are entitled to an agricultural classification for tax assessment purposes and prays that the court will so find and declare that the assessment of taxes against its lands for the year 1967 as fixed by the tax assessor is excessive, unjust and illegal and require the tax assessor to reduce the assessment of appellee’s land to a value comparable to other lands of a similar nature in the county. It also prays that appellant tax collector be enjoined from collecting taxes on appellee’s land or seizing any of it for sale for the purpose of satisfying taxes in excess of the amount *91 claimed to be due by it as fixed by the Board of Equalization.
Following the issuance and service of the alternative writ, appellants tax assessor and tax collector filed their return and answer thereto coupled with a counterclaim seeking affirmative relief with respect to the classification and value of appellee’s lands for tax assessment purposes. Appellants also filed in the cause their motion to produce, the ruling on which is the subject of this appeal.
The only taxes involved in this case are those levied and assessed against appellee’s lands for the year 1967. In their motion to produce, however, appellants asked for an order requiring appellee to submit for inspection and copying its federal income tax returns for the years 1966 through 1970, inclusive, together with a number of categories of other documents such as books and records reflecting leases or rental agreements; agreements for deed or other land contracts of purchase and sale; accounts, lists, deeds, mortgages, contracts, ledgers, abstracts, and other similar documents concerning appellee’s ownership of the lands in question; maps, plats, surveys, and photographs of appellee’s lands, together with books of account reflecting income and other revenues received directly or indirectly from any agricultural uses or activities upon the land involved in the case for the year 1966 and subsequent years. By the order appealed herein, the trial court denied appellants’ motion to require appellee to produce its income tax returns and restricted the other documents sought to be produced by appellee for appellants’ inspection and copying to those documents relating only to the tax year 1967, that being the tax year involved in this proceeding.
Appellants contend that the trial court abused its discretion and erred in denying their motion to require appellee to produce copies of its income tax returns for the years 1966 through 1970, inclusive. With this contention we are unable to agree. The motion was not limited to income tax returns of appellee corporation relating only to its Volusia County land operation but included its entire corporate activities carried on by it not only in Volu-sia County but elsewhere. Secondly, the court did grant appellants’ motion to require appellee to produce all of its books of account and other income records reflecting revenues received by it directly or indirectly from any agricultural uses or activities upon the land involved in this suit. It would appear that the information to be furnished by appellee pursuant to this item of appellants’ motion should be sufficient to afford appellants the opportunity of adequately preparing their defense on the issue of whether appellee is entitled to an agricultural classification of all of its lands in Volusia County for tax assessment purposes. In the absence of a more convincing and specific showing of necessity for such income tax returns of appellee, the court will not be held to have abused its discretion in this regard under the circumstances of this case.
Appellants lastly contend that the court abused its discretion and erred by that provision of its order which limited its discovery to books, records, and other documents pertaining only to the year 1967, and precluded it from discovering such documents relating to the land in question for years preceding as well as those subsequent to the tax year involved in this case.
Our statutes require that all land subject to taxes in this state be valued as of its status and condition on January 1st of each tax year. As said by the Supreme Court in Lanier v. Overstreet:[1]
“ . . .In this state, the ad valo-rem tax on real and personal property *92 accrues as of January 1st of the tax year; and the county tax assessor is required to assess the taxable property in his county and make out his assessment roll as of the 1st day of January of each year. Section 193.11(1), Fla.Stat., F.S. A. The character of a particular parcel —whether as improved or unimproved land, see Sec. 193.11(4), Fla.Stat., F.S. A., or as homestead property, see Section 192.141, Fla.Stat., F.S.A. — is determined as of January 1st and continues throughout the tax year regardless of any change in its character during that year. And all of the legislative directives in this field appear to have been designed to make sure that, in doubtful areas, the assessment will be made on the basis of the actual use to which the property is designed to be put during the particular tax year. . . .”
The Lanier case recognized the authority of the tax assessor to consider as one of the factors in arriving at a just valuation of property the use to which the property can be expected to be put in the immediate future as well as the use to which it is being put on January 1st of the tax year. The words “expected to be put in the immediate future” were construed to mean the “immediate” expected use of the land and not a potential use which might be realized at some uncertain time in the future.
In specifying the factors which a tax assessor might take into consideration in determining whether land is being used in a bona fide agricultural operation so as to entitle it to an agricultural classification for tax purposes, the Supreme Court in Greenwood v. Oates [2] included “the use or not of recognized care, cultivation, harvesting and like practices applicable to the product involved, and any implemented plans therefor”. In Greenwood the trial court considered proof that the landowner had held out for sale the property there in question and had actually sold an option on a part of the land in determining whether the land was being used in a bona fide agricultural operation. The decisions in both Lanier, supra, and Greenwood, supra, clearly indicate that in determining whether land is entitled to an agricultural classification for tax assessment purposes as of January 1st of any tax year, the tax assessor is accorded a wide discretion in considering the condition of the land and the bona fide use to which it was put both during the year immediately preceding the tax year in question as well as its utilization during that critical year. In order to make such determination, it would appear necessary that the tax assessor have available for his examination and use all pertinent documents relating to the land in question which were developed not only during the tax year in controversy but also during the year preceding that period.
From the foregoing, we conclude that the order appealed herein which limits the scope of appellants’ discovery to those documents and other information relating only to the tax year 1967 was unduly restrictive and should have included also the preceding year of 1966. We agree, however, that on the basis of the record before us we are unable to hold that the chancellor acted arbitrarily or erroneously in refusing appellants' motion for the production of documents and other data for the years subsequent to the year 1967.
For the foregoing reasons the order appealed is reversed and the cause remanded with directions that an appropriate order be entered enlarging the scope of appellants’ discovery to include the years 1966 and 1967 exclusive of appellee’s income tax returns.
SPECTOR, C. J., and JOHNSON, J., concur.

. Lanier v. Overstreet, (Fla.1965) 175 So.2d 521, 523, 524.

. Greenwood v. Oates, (Fla.1971) 251 So.2d 665.