HOBSON, Judge.
Appellants bring this appeal challenging the final judgment of the court below finding that certain lands owned by them are not agricultural lands for tax purposes.
Appellants owned a tract of land consisting of 2,000 acres which was leased for agricultural purposes. The tax assessor assessed as non-agricultural 200 acres of tht larger tract which comprises the land here under litigation. After hearing the testimony, the trial court held that the north 40 acres were used for a bona fide agricultural purpose and further held that the appellants failed to establish that the south 160 acres were used primarily for bona fide agricultural purposes as of January 1, 1969.
Upon a reading of the record in this cause it is difficult to determine what agricultural operations were attributed to the land not in dispute which was assessed as agricultural and what, if any, agricultural operation was attributable to the 200 acres here in dispute. The trial judge heard all of the evidence and determined that it was in direct conflict as to the use of the 200 acres. Upon this conflict in the evidence, the trial judge as the trier of fact resolved the conflicts.
Our Supreme Court in Greenwood v. Oates, Fla.1971, 251 So.2d 665, set forth the role of the district courts of appeal in such a situation as this as follows:
“At this juncture it is appropriate to comment on the role of the District Courts of Appeal in reviewing a judicial determination that a bona fide forestry operation does or does not exist. It is a well-established rule in Florida that a judgment, order, decree, or ruling of a trial court comes to the appellate court with a presumption of correctness. [Cites omitted]
“Moreover, because the considerations involved in these cases are primarily questions of fact, the role of the District Courts should, in general, be limited to a consideration of the sufficiency of the evidence. Clearly, it is not the function of an appellate court to substitute its judgment for that of the trier of fact, be it a jury or a trial judge. Accordingly, although an appellate court might have reached a different conclusion had it been the initial arbitrator of the factual issues, if a review of the record reflects competent, substantial evidence supporting the findings of the chancellor, the judgment should be affirmed. [Cites omitted]”
We have carefully reviewed the record in this cause and find that although we might have reached a different conclusion *330 than did the trial court, we cannot say that the findings of the chancellor are not supported by competent, substantial evidence. Therefore, the judgment of the trial court as to the assessment of the land must be affirmed.
Appellants also challenge the trial court’s assessment of costs. In the final judgment the trial court ordered each party to “bear their own costs.” Appellants were successful litigants as to the 40 acres and, therefore, under Simpson v. Merrill, Fla. 1970, 234 So.2d 350, are entitled to recover their legal costs in this action.
The judgment appealed is affirmed in all respects with the exception of the assessment of costs and the cause is remanded to the trial court for the sole purpose of assessing the legal costs of the appellants against the appellees.
MANN, C. J., and McNULTY, J., concur.