QUESTIONS: 1. Is private property leased to a municipal corporation for municipal purposes or to a nonprofit corporation used for exempt purposes, the lease being $1 per year or another similar nonprofit lease agreement, taxable? 2. Does AGO 072-276 supersede or invalidate AGO 058-71 insofar as applied to municipal parking facilities?
SUMMARY: Private property (i.e., owned by a nongovernmental entity that is not nonprofit as defined by s. 196.195, F.S.) is not entitled to exemption from ad valorem taxation by virtue of its being leased, for profit or not, to a municipality, even though used by the municipality for municipal or public purposes. If such property is used exclusively for educational, literary, scientific, religious, or charitable purposes under a lease involving only purely nominal consideration or benefit to the private owner, considering all surrounding facts and circumstances it may be exempt upon a proper determination of those facts, and if the property would otherwise have been entitled to exemption under Ch. 196, F.S., if it had been owned in fee by the lessee. The opinion expressed in AGO 072-276 reflecting changes in Florida law supersedes the opinion expressed in AGO 058-71. Your first question is answered by the following discussion, and your second question should in my opinion be answered in the affirmative. In AGO 072-276, the question under consideration was whether privately owned land leased to a municipality for municipal use as a garage and free public parking is entitled to exemption from ad valorem taxes. It was my opinion that: When a private individual or entity leases for a profit property which it owns, such is not "use" of the property by such lessor for which a tax exemption may be granted. This must be so regardless of the status of the lessee (a municipality, or other governmental unit) or the use to which such lessee puts the property. Section 196.199(1), F.S., is in accord, granting tax exemption only to property "owned and used" by governmental units. (Emphasis supplied.) Concerning situations where a municipality is the lessee, your first question is directed to whether the opinion expressed in AGO 072-276, supra, is limited to those instances where privately owned property is leased to a municipality for a profit, or if the lack of exemption obtains even where the rental payments are nominal, i.e., $1 per year or another similar nonprofit lease agreement. It is my opinion that the amount of the lease payment is irrelevant and that private property (i.e., owned by a nongovernmental entity that is not nonprofit as defined by s. 196.195, F.S.) is not entitled to exemption from ad valorem taxation by virtue of its being leased, for profit or not, to a municipality and used by the municipality for municipal or public purposes. Attorney General Opinion 074-243. This conclusion is applicable when there exists no statutory authority for severance of the fee and leasehold as separate "properties" for tax assessment purposes. With regard to situations where the lessee is not a municipality, additional considerations are in order. Section 196.001, F.S., provides that all real and personal property in this state shall be subject to taxation unless expressly exempted therefrom. Leasehold interests in private property, with certain statutory exceptions not applicable here, are not subject to separate assessment for ad valorem taxation or to separate consideration for exemption status. Dade County v. Pan American World Airways, Inc.,275 So.2d 505, 509 (Fla. 1973). However, Art. VII, s. 3(a), State Const., provides that "[s]uch portions of property as are used predominantly for educational, literary, scientific, religious or charitable purposes may be exempted by general law from taxation," and in implementation thereof the Legislature has enacted, inter alia, s. 196.192, F.S.: (1) All property used exclusively for exempt purposes shall be totally exempt from ad valorem taxation. (2) All property used predominantly for exempt purposes shall be exempted from ad valorem taxation to the extent of the ratio that such predominant use bears to the nonexempt use. (Emphasis supplied.) Unlike municipal or public purpose exemptions, there is no direct statutory or constitutional requirement that property must, in addition to being used for exempt purposes, be owned by an "exempt" entity in order to be entitled to exemption from ad valorem taxation. Cf. Art. VII, s. 3(a), State Const. I would conclude accordingly that, in response to your first question, property owned by a private nonexempt entity used exclusively for exempt purposes under a lease involving only purely nominal consideration or benefit to the private owner may be exempt upon a proper determination of those facts and if the property would otherwise have been entitled to exemption under Ch. 196, F.S., if it had been owned in fee by such lessee. Although decided under the 1885 State Constitution, the opinion in Lummus v. Cushman,41 So.2d 895 (Fla. 1949) is closely on point. Article IX, s. 1, State Const. 1885, provided that property "may be exempted by law for municipal, educational, literary, scientific, religious or charitable purposes." Section 192.06, F.S. 1941, provided an exemption from ad valorem taxation to [s]uch property of education, [sic] literary, benevolent, fraternal, charitable and scientific institutions within this state as shall be actually occupied and used by them for the purpose for which they have been or may be organized . . . . The property for which exemption was being sought was being used for educational purposes and was owned by an individual. In holding that the property was entitled to an exemption from ad valorem taxation, the court stated at 897, 898: Except for the fact that in the present case the private school involved is owned and operated by a private individual and not by a corporation for profit — a fact we do not deem material . . . . See also Holbein v. Hall, 189 So.2d 797 (Fla. 1966) (statute purporting to give immunity from ad valorem taxation to property used by the United States, even though privately owned, held to be valid within constitutional provisions permitting exemptions for municipal purposes); Strohmeyer v. Rembrandt Corporation,168 So. 242 (Fla. 1936) (paintings owned by private individual used by nonprofit corporation for public exhibition held to be entitled to educational exemption from ad valorem taxation); and AGO 071-247 (property owned by one charitable nonprofit corporation and leased to another charitable nonprofit corporation which uses the property exclusively and entirely for charitable purpose is entitled to exemption from ad valorem taxation). The fee owner of the property would be the proper party to make application for exemption, s. 196.011, F.S., and references to the "applicant" for an exemption from ad valorem taxation which appear in the statutes, e.g., ss. 196.011, 196.193, 196.195, and 196.196, F.S., should be applied to the applicant vis-a-vis his or her relationship to the property for which exemption is being sought. In the assessor's determination of whether property is being used for exempt purposes and is thereby entitled to an exemption from ad valorem taxation (a factual determination which is to be made, in the first instance, by the assessor, AGO's 074-154 and 074-115), all of the surrounding circumstances and facts concerning the use of the property should be closely scrutinized. Of particular importance would be the potential financially speculative reasons why the fee owner might permit an exempt organization to use his or her property under a short-term agreement or arrangement and the inference of predominant private or nonexempt economic use which might arise from such facts. Cf. s. 193.501, F.S., which provides, with specified safeguards, for the special assessment of outdoor recreational or park lands when the fee owner, inter alia, covenants with the governing board of the county in which the property is located or with the Board of Trustees of the Internal Improvement Trust Fund, that the land will be used only for outdoor recreational or park purposes for a period of not less than 10 years. See also Greenwood v. Firstamerica Development Corp., 265 So.2d 89, 92 (1 D.C.A. Fla., 1972), and Lanier v. Overstreet, 175 So.2d 521, 524 (Fla. 1965). With regard to your second question, in AGO 058-71 my predecessor in office expressed the opinion that, under the then existing constitutional and statutory provisions, private property leased to a municipality for use as a municipal parking lot could be entitled to an exemption from ad valorem taxation. In AGO 072-276 the same question was answered in the negative because of the extensive changes in Florida law, inter alia, the adoption of the 1968 Constitution and the enactment of Ch. 71-133, Laws of Florida. Thus, the opinion expressed in AGO 072-276 reflecting the changes in Florida law does supersede the opinion expressed in AGO 058-71.