447 So.2d 1348 (1984)
Al H. BLAKE, Property Appraiser of Dade County, R.K. Overstreet, Tax Collector of Dade County, and Randy Miller, Executive Director of the Florida Department of Revenue, Petitioners,
v.
XEROX CORPORATION, Respondent.
No. 62445.
Supreme Court of Florida.
March 8, 1984.
Rehearing Denied May 3, 1984.
*1349 Jim Smith, Atty. Gen. and J. Terrell Williams, Asst. Atty. Gen., Tallahassee; and Robert A. Ginsburg, Dade County Atty., and Stephen J. Keating, Asst. County Atty., Miami, for petitioners.
Randy R. Briggs of Ayres, Cluster, Curry, McCall & Briggs, Ocala, for respondent.
BOYD, Justice.
This cause is before the Court on petition for review of the decision of the district court of appeal, Xerox Corp. v. Blake, 415 So.2d 1308 (Fla. 3d DCA 1982). We granted review on the jurisdictional ground of conflict of decisions. Art. V, § 3(b)(3), Fla. Const.
This case involves the appraisal of the value of Xerox Corporation's copying machines and other business equipment in Dade County, for purposes of levying ad valorem taxation for the year 1977. Xerox owns thousands of such machines situated in Dade County, and leases them to its customers. Xerox is also in the business of selling copying machines and other items, and has set prices for its new products offered for sale. The Dade County Property Appraiser appraised Xerox's leased equipment at $28,100,053, using the list prices of the various machines adjusted for depreciation.
Xerox filed a complaint against the property appraiser and the Dade County Tax Collector claiming that the county appraiser's method of valuation violated article VII, section 4, Florida Constitution, and section 193.011, Florida Statutes (1977). The Florida Department of Revenue was later added as a party defendant. At trial Xerox presented evidence and argument to the effect that the county property appraiser should have used an income capitalization method for assessing the property rather than looking at list prices adjusted for depreciation. The income capitalization method concentrates on the capacity of property to produce income and capitalizes such net income into present value. Xerox claimed that the income capitalization method of valuation achieves a fairer representation of market value because the vast majority of the equipment manufactured by Xerox is leased and argued that there was an insufficient sales market to justify the use of the list prices as representative of market value. Xerox presented a calculation of value, using the income capitalization method, amounting to $15,338.280.
The trial court rendered judgment for Dade County, finding:
1. The Court finds that the Plaintiff failed to sustain its burden of proof that the Property Appraiser did not consider all the relevant factors under F.S. 193.011.
2. The Court rejects the income approach used by Plaintiff's experts as representing just or market value for the following reasons:
(a) The approach failed to provide for salvage value.
(b) The officer or agent of the Plaintiff admitted that the Plaintiff corporation would not sell its equipment at the prices indicated by its income approach.
3. The "List Price less depreciation" method used by the Property Appraiser more accurately reflected just value albeit that the amount of sales was small and the sales were not of all models of Xerox equipment.
4. The Property Appraiser did not abuse his discretion, and the value set by the Property Appraiser did represent just or fair market value.
On appeal, the district court of appeal reversed, finding that the list prices were not a fair representation of market value since only a small proportion of the copiers and accessories produced by Xerox were sold. The court held "that the absence of *1350 an established sales market for the Xerox equipment in question required the appraiser to utilize an income capitalization method as the only method which would assure a just valuation." 415 So.2d at 1311.
The district court found that the income capitalization method put forward by Xerox was a better method of determining market value than the list-price-less-depreciation method used by the property appraiser. On the basis of this perceived superiority of one method over the other, the district court held that the income capitalization method should have been used. But see Xerox Corp. v. Blake, 415 So.2d at 1311 (Pearson, J., concurring) (income capitalization was the only possible legally correct method). We find that the district court applied an erroneous standard of review and we therefore quash the district court's decision.
The property appraiser's determination of assessment value was an exercise of administrative discretion within the officer's field of expertise. Therefore, if the appraiser proceeded lawfully, then that determination was clothed with a presumption of correctness when the taxpayer challenged it. The burden was on the taxpayer to show that the appraiser departed from the requirements of the law or that the appraisal made was not supported by any reasonable hypothesis of legality. Powell v. Kelly, 223 So.2d 305 (Fla. 1969).
The trial court, as was indicated above where the findings are set out, found that Xerox Corporation had failed to show that the appraiser departed from the law governing the appraisal of property for ad valorem taxation. Section 193.011, Florida Statutes (1977),[1] provides a list of factors which a property appraiser is to consider when determining the "just valuation" of property. The trial court's determination that the appraiser properly considered the statutory factors as mandated was supported by competent, substantial evidence. Thus the only remaining question was whether the appraiser, following the law, could conceivably and reasonably have arrived at the appraisal value being challenged. Although the trial court appears to have grounded its judgment on the finding that Xerox had failed to prove that its method was superior, this finding was unnecessary to the judgment. Regardless of which method was theoretically superior, the trial court was bound to uphold the appraiser's determination if it was lawfully arrived at and within the range of reasonable appraisals, that is, if it was supported by any reasonable hypothesis of legality.
Like the trial court, the district court addressed the merits of the question of which method was theoretically superior, and simply disagreed with the trial court's determination. Although the trial court's determination was based in part on a finding *1351 that the property appraiser's method was the better one, the judgment should have been affirmed simply on the ground that the property appraiser's determination, having been lawfully arrived at and being supported by a reasonable hypothesis of correctness, was properly upheld. Homer v. Dadeland Shopping Center, Inc., 229 So.2d 834 (Fla. 1969).[2] The size or scope of the sales market for Xerox copying machines should not have been regarded by the district court as determinative. The trial court found that there was a sufficient sales market to render the appraiser's method reasonable.
The courts of other jurisdictions have disagreed among themselves on the question of the theoretical correctness of the two valuation methods. See, e.g., Xerox Corp. v. Board of Tax Review, 175 Conn. 301, 397 A.2d 1367 (1978); Xerox Corp. v. Board of Review, 298 N.W.2d 416 (Iowa 1980); Xerox Corp. v. County of Hennepin, 309 Minn. 239, 244 N.W.2d 135 (1976); Xerox Corp. v. City of Jackson, 328 So.2d 330 (Miss. 1976); Xerox Corp. v. King County, 94 Wash.2d 284, 617 P.2d 412 (1980). These cases arose in various factual and procedural settings and to the extent they addressed the question of which of the two methods is fairer or more theoretically accurate, they are inapposite to the questions presented in the instant case. To reiterate, the only questions presented by the instant case are whether the appraiser considered all factors mandated by the law and whether his methods and conclusion are supported by any reasonable hypothesis of a legal assessment.
The district court may have been correct in concluding that the income capitalization method was the better method for determining market value, but that was not the legal question presented.
We therefore quash the decision of the district court of appeal and remand with instructions to affirm the judgment of the trial court.
It is so ordered.
ALDERMAN, C.J., and McDONALD, EHRLICH and SHAW, JJ., concur.
OVERTON, Justice, dissenting:
I find no conflict jurisdiction and would consequently deny this petition for review.
NOTES
[1] Section 193.011 provides as follows:

In arriving at just valuation as required under s. 4, Art. VII of the State Constitution, the property appraiser shall take into consideration the following factors:
(1) The present cash value of the property, which is the amount a willing purchaser would pay a willing seller, exclusive of reasonable fees and costs of purchase, in cash or the immediate equivalent thereof in a transaction at arm's length;
(2) The highest and best use to which the property can be expected to be put in the immediate future and the present use of the property, taking into consideration any applicable local or state land use regulation and considering any moratorium imposed by executive order, law, ordinance, regulation, resolution, or proclamation adopted by any governmental body or agency or the Governor when the moratorium prohibits or restricts the development or improvement of property as otherwise authorized by applicable law;
(3) The location of said property;
(4) The quantity or size of said property;
(5) The cost of said property and the present replacement value of any improvements thereon;
(6) The condition of said property;
(7) The income from said property; and
(8) The net proceeds of the sale of the property, as received by the seller, after deduction of all of the usual and reasonable fees and costs of the sale, including the costs and expenses of financing, and allowance for unconventional or atypical terms of financing arrangements.
[2] An appellate court should affirm a judgment brought to it for review if the judgment is correct, even where the trial court has not correctly stated all the legal reasons sustaining the judgment. Cohen v. Mohawk, Inc., 137 So.2d 222 (Fla. 1962).