HALL, Judge.
Appellants appeal a final judgment which upheld the assessment for 1983 of their approximately 11,036 acres of land in Har-dee County, Florida. We affirm.
Pursuant to section 193.461(3)(a), appellants filed a request for an agricultural classification of their land in Hardee County. Appellee, property appraiser, classified it as “general farm” according to the statute and assessed it at $2,100 per acre.
Appellants petitioned for a review by the Property Appraisal Adjustment Board (the Board) which lowered the assessment to $1,000 per acre. The property appraiser then adopted the Board’s valuation by placing it on the tax rolls. Contending that the Board’s assessment was also excessive, considering the agricultural use of the land, appellants filed suit to obtain judicial review of the second and lower assessment.
At the final hearing appellants presented evidence as to the value of the surrounding property and called as an adverse witness the property appraiser of Hardee County who testified as to how he arrived at the $2,100 per acre assessment. Appellants presented no evidence as to how the Board arrived at its adjusted figure.
Appellants’ land manager testified that the majority of the land was leased for cattle grazing purposes, with the exception of a small portion which was leased for row crop farming. On cross-examination he admitted that he had not visited the lands between the latter part of 1982 and May or June of 1984 and that any information about the property was based on hearsay. Appellants presented no testimony as to whether the property leased for cattle grazing purposes was in its natural condition or had been substantially improved.
Appellants called a land consultant who testified that comparable lands in Hardee County were assessed at $125 to $200 per acre, but he admitted that he had not personally inspected the property in 1982 or 1983.
Appellants then called the property appraiser as an adverse witness, and he testified as to the original valuation of $2,100 which he placed on the land. The majority of his testimony dealt with the basis for his assessment figure of $2,100, not with the $1,000 figure arrived at by the Board. The property appraiser did not contest the $1,000 assessment as established by the Board but certified it on the tax roll as the valuation of the property.
Appellants contend that by certifying the assessment of the Board that the property appraiser adopted it as his own assessment figure.
At the close of appellants’ case, appellee moved for a directed verdict. The court granted this motion and entered a final judgment upholding the $1,000 per acre valuation placed on the property by the Board.
The record reflects that the $1,000 assessed value utilized by the property appraiser for the property in 1983 was established by the Board, yet appellants totally failed to produce any evidence or testimony concerning the assessment by the Board or that such assessment by the Board was invalid.
Appellants argue that, since the property appraiser certified the value as established by the Board, he thus adopted it as his value and that the Board must *329 have utilized his standard in arriving at this valuation. Even if we were to agree with this argument, appellants did not present sufficient proof that the property was not justly valued at $1,000 per acre. We therefore do not believe that appellants have overcome the presumption of correctness which attaches to the valuation as certified by the property appraiser.
Tax assessors are constitutional officers, and as such, their actions are clothed with the presumption of correctness. One asserting error must show by proof that every reasonable hypothesis has been excluded which would support the tax assessor. Straughn v. Tuck, 354 So.2d 368 (Fla.1977); Powell v. Kelly, 223 So.2d 305 (Fla.1969). The burden is on the taxpayer to show that the appraiser departed from the requirements of the law or that the appraisal made was not supported by any reasonable hypothesis of legality. Blake v. Xerox Corp., 447 So.2d 1348 (Fla.1984).
We find no merit in the other points raised by appellants.
Affirmed.
DANAHY, A.C.J., and LEHAN, J., concur.