SCHOONOVER, Judge.
Appellants, Sylvan Zemel, et al. (landowners), appeal a final judgment denying their requests for agricultural classification on certain properties they owned in Lee County Florida. We affirm.
In early 1981, the landowners filed several applications seeking to have 130 parcels of their land (consisting of more than 10,-000 acres) classified agricultural under section 193.461, Florida Statutes (1981). The applications were denied by appellee, Kenneth M. Wilkinson, the Lee County Property Appraiser, and his decision was upheld by the Property Appraisal Adjustment Board.
The landowners then filed an action in the circuit court against appellee, Wilkinson, and appellee, Dick Steele, the Lee County Tax Collector. In the landowners’ complaint, they alleged that they were conducting a bona fide forestry operation with respect to their property and that the lands were being used for good faith agricultural purposes within the meaning of section 193.461 on January 1, 1981. The landowners sought a judgment declaring that their property was entitled to an agricultural classification for 1981, and they also asked that the tax collector be enjoined from collecting the taxes that had been assessed for that year.
At the conclusion of the nonjury trial, the trial court entered a judgment for the property appraiser and tax collector, and the landowners timely filed this appeal.
*695 In determining if land should receive an agricultural classification, a property appraiser is accorded wide discretion when considering the condition of the land and the bona fide use to which it is put both during the year immediately preceding the tax year in question as well as its utilization during the critical year. Greenwood v. Firstamerica Development Corp., 265 So.2d 89 (Fla. 1st DCA 1972). Once the property appraiser makes his decision, a taxpayer asserting that the property appraiser erred must show that every reasonable hypothesis which would support the appraiser has been excluded. Straughn v. Tuck, 354 So.2d 368 (Fla.1977). The trial court found that the landowners had not met this heavy burden, and its judgment comes to this court with a presumption of correctness. Greenwood v. Oates, 251 So.2d 665 (Fla.1971).
The evidence presented to the trial court by the landowners, standing alone, would have been sufficient to support a judgment in their favor. The court was not required to find in favor of the landowners, however, because the appellees took a contrary position and presented evidence to support their position that the landowners were not entitled to the agricultural classification because there was no bona fide forestry operation on the crucial date, January 1, 1981. See Bystrom v. Union Land Investments, Inc., 477 So.2d 585 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 69 (Fla.1986). Although we might have reached a different conclusion if we had initially been called upon to resolve the factual issues in this case, it is not our function to substitute our judgment for that of the trier of fact. If the record reflects competent substantial evidence supporting the findings of the trial court, we must affirm. Greenwood v. Oates; see also, Harbor Ventures, Inc. v. Hutches, 278 So.2d 328 (Fla. 2d DCA 1973).
Applying the principles set forth in section 12D-5.04 of the Florida Administrative Code, section 193.461, Florida Statutes (1981), and Greenwood v. Oates, we find that the appellees submitted competent substantial evidence in support of their position. The appellees’ evidence reflected that the nature of the property was such that some of the area was sparsely covered with trees and some of it was in fact wet lands. There was no evidence of any improvements made on the land for forestry purposes, and there were inadequate forestry management practices being conducted on January 1, 1981. Although there was evidence of stumping on some of the property during the crucial time period, there was no evidence of timber cutting within five years of that time. While we realize that the business or occupation of the owners cannot be considered over and above or to the exclusion of the actual uso of the property, it is a factor to be considered, and it appears that the business or occupation of the landowners here is not forestry. Furthermore, none of the nineteen landowners reside on the property, some of them apparently residing outside the state of Florida. Finally, the opinion of the appellee property appraiser with its presumption of correctness, favored the ap-pellees’ position.
In addition to the above, the record also reflects that the credibility of some of the landowners’ witnesses was placed in issue and that some of the landowners’ evidence was impeached. One of the landowners’ expert witnesses had been on the property appraiser’s greenbelt advisory committee at the time the landowners applied for their agricultural classification. At that time, this expert felt the landowners’ request should be denied. Additionally, the landowner that testified at the trial was the same person that signed the several applications. During trial, the landowner testified that the owners had received at least $500,000 income from the property during the period of time that they owned it. Applications in the record indicate that none or very little of that amount was received in the four years preceding the applications. In fact, there is nothing in the record to reflect when this income was received. The record also reflects that the landowners sold part of the property for two and one-half million dollars after the applications were made. Although the ap *696 plicants certified that 130 parcels of land were entitled to the agricultural exemption, ninety of the parcels were removed (some on the day of trial) from consideration prior to the conclusion of the trial.
Based upon the above, we find that the record reflects competent, substantial evidence supporting the trial court’s judgment in favor of the appellees and accordingly affirm. Greenwood v. Oates.
Finally, the landowners’ reliance on the supreme court’s holding in Conrad v. Sapp, 252 So.2d 225 (Fla.1971), is misplaced. In Conrad, the property appraiser’s only witness testified that the use of the property was woodlands but that the highest and best use would outweigh its use as forestry lands. The supreme court said the property appraiser erred in basing his denial of the agricultural classification principally on the property’s highest and best use. Conrad.
In this case, on the other hand, the property appraiser disputed the actual use of the land as a bona fide forestry operation, and further, he presented competent, substantial evidence in support of his position. Greenwood v. Oates.
AFFIRMED.
GRIMES, A.C.J., and HALL, J., concur.