PER CURIAM.
The trial court’s judgment directed the property appraiser to reassess the plaintiff’s property. A subsequent order awarded the plaintiff an attorney’s fee on the ground that the defendants’ position in the litigation was essentially non-meritorious. We affirm in part and reverse in part.
Plaintiff Lurie sued the defendants Schultz, as property appraiser, and Jasper, as tax collector, challenging the amount of the 1983 ad valorem tax assessment on the Oakhurst Gardens Apartments complex in Pinellas County. Lurie alleged that the assessment of $1,700,000 was not a just valuation and that the property was not treated equally to similar commercial rental properties.
Evidence before the trial court revealed that the plaintiff’s complex of forty-six *1004 rental units was built in August 1981 at a cost of about $1,200,000. Plaintiff presented expert appraisal testimony that utilizing the criteria set forth in section 193.011(1)-(8), Florida Statutes (1981), the land and improvements had a market value of $1,100,000. Schultz, the property appraiser, acknowledged that in his assessment he did not take into account the income of the property, one of the statutory factors to be considered in arriving at a correct assessment. § 193.011(7), Fla.Stat. (1981). Instead, he concluded that his assessment was governed by section 718.120, Florida Statutes (1981), which concerns assessment of condominium parcels on a separate basis.
The court determined that the property •appraiser erred in not considering the income derived from the plaintiffs property required by section 193.011(7). Moreover, after hearing the evidence, the trial court found no basis for the property appraiser’s determination that $1,700,000 represented a just value of the subject property. Even the testimony of the property appraiser’s expert appraisal witness, the trial judge observed, was “ultimately reconciled with and supportive of the taxpayer’s evaluation of the subject property.”
The court directed the property appraiser to set the value of the property at $1,100,-000, to be apportioned among the individual parcels as set out in the final judgment. See § 718.120, Fla.Stat. (1981).
Defendant Schultz correctly points out that an ad valorem tax assessment carries a strong presumption of validity. Blake v. Xerox Corporation, 447 So.2d 1348 (Fla.1984). However, as the court indicated in Blake, that presumption is based on the property appraiser, having considered all factors mandated by the law. Blake at 1350. Here, that presumption was rebutted and there is substantial, competent evidence to support the trial court’s judgment; therefore, it is our duty to affirm. Greenwood v. Oates, 251 So.2d 665 (Fla.1971); Zemel v. Wilkinson, 501 So.2d 694 (Fla. 2d DCA 1987). We also note that section 718.120, while requiring separate assessments for condominiums, does not obviate the requirement that the property appraiser consider all the factors in section 193.011.
In addition to seeking recovery of costs, the plaintiff filed a Motion for Attorney’s Fees under section 57.105, Florida Statutes (1985). He contended that neither of the defendants raised any justiciable issue of either law or fact during the trial of this case. It was subsequently stipulated between counsel that a reasonable attorney’s fee would be $4,200. Additionally, the defendants stipulated that defendant Jasper would be held harmless from attorney’s fees.
The case was presented in three phases. The trial judge observed that while he found that there was no justiciable issue of fact or law presented by the property appraiser in the first two phases, he concluded that through rebuttal testimony on the issue of value, defendant Schultz created an issue of fact. Thus, the trial court reasoned that the plaintiff should recover two-thirds of the amount stipulated as a reasonable attorney’s fee. In an order filed May 28, 1986, the trial court awarded the plaintiff $2,245.55 in costs and $2,800.00 for an attorney’s fee.
Section 57.105, Florida Statutes (1985) states:
The court shall award a reasonable attorney’s fee to the prevailing party in any civil action in which the court finds that there was a complete absence of justicia-ble issue of either law or fact raised by the losing party.
The purpose of section 57.105 is “to discourage baseless claims, stonewall defenses and sham appeals” in civil litigation. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501, 505 (Fla.1982). Recently, in Muckenfuss v. Deltona Corporation, 508 So.2d 340 (Fla.1987), the supreme court héld that it is error to award an attorney’s fee under section 57.105 even if a substantial portion of a lawsuit is mer-itless if there is some justiciable issue present. Here the court found some merit to at least one phase of the case presented by defendant Schultz, therefore it erred in *1005 awarding the plaintiff an attorney’s fee under section 57.105.
Accordingly, we affirm the trial court’s judgment filed April 7, 1986, directing the property appraiser to reassess the subject property. We also affirm the court’s order of May 28, 1986, insofar as the award of costs, but we vacate the award of an attorney’s fee to the plaintiff.
SCHEB, A.C.J., and CAMPBELL and HALL,* JJ., concur.