PER CURIAM.
This is an appeal by the property owner Pier House Joint Venture from an adverse final judgment entered after a non-jury trial in an action instituted below challenging the Monroe County Property Appraiser Erwin Higgs’ assessment of the Pier House Inn and Beach Club in Key West, Florida. We reject the property owner’s points on appeal and affirm, thereby rendering moot the property assessor’s cross appeal.
First, we conclude that the property owner failed to establish below either (a) that the property appraiser’s assessment herein was not supported by a reasonable hypothesis, or (b) that the property appraiser failed to consider all of the statutory criteria established by Section 193.011, Florida Statutes (1987). The property owner’s attack on the property appraiser’s method of calculating the assessment based on the income approach and of determining valuation based on the cost approach falls far short of overcoming the presumptive validity of the property appraisal herein. Blake v. Xerox Corp., 447 So.2d 1348 (Fla.1984); Daniel v. Canterbury Towers, Inc., 462 So.2d 497 (Fla. 2d DCA 1984); Bystrom v. Equitable Life Assurance Soc’y of U.S., 416 So.2d 1133 (Fla. 3d DCA 1982), rev. denied, 429 So.2d 5 (Fla.1983).
Second, we conclude that the trial court did not commit reversible error with respect to the alleged exclusion of certain financial information relative to the 1986 assessment. The trial court, in fact, admitted the data in evidence and only later indicated that it would consider the property appraiser’s objection thereto; at no time, however, did the trial court exclude this data from evidence. In any event, the data was inadmissible because the property owner failed to reveal same in a timely fashion upon request of the property appraiser. Palm Corp. v. Homer, 261 So.2d 822, 823 (Fla.1972).
The final judgment under review is therefore, in all respects,
Affirmed.