DREW, Justice.
The appellate court in this case[1] has affirmed an order holding that evidence offered by plaintiff St. Joe Paper Company, petitioner here, failed to make out a prima facie case as to illegal excessiveness of the tax assessment on its forestry lands, but finding that assessment of pasture lands was excessive and should be reduced to a maximum of $300 per acre. Review by cer-tiorari in this Court is based on certificate that the decision passes upon a question of great public importance.
The trial court, at the conclusion of plaintiff’s evidence, found that its version of the income approach to valuation of forestry lands ignored the value of standing timber and was therefore insufficient. The opinion on review here finds, in addition, that plaintiff’s method of valuation based solely on income producing capacity did not comply with the requirements of F.S. Sec. 193.021,[2] F.S.A., construed in Markham v. Blount[3] to be applicable to agricultural property.
Petitioner contends that its evidence or method of evaluation does in fact encompass all of the statutory criteria. Whether or not this is true, or essential *313 in the present controversy, we conclude that the real issue in this case is the propriety of requiring evidence reflecting the value of standing timber on specific property, or evidence of market value of timberlands as to which the assessment is alleged to be excessive. Certainly there can he no question that fair market value is, under our Constitution and cases,[4] the gauge by which all methods of valuation, statutory or otherwise, must be measured. And assessment of property on this basis does of course require multiple assessment, i. e. assessment anew each year, of all taxable property.
The overriding constitutional mandate, together with the explicit statutory provisions that in assessing timberlands “the tax assessor shall ascertain by personal inspection * * * the value of the lands including the timber thereon,” [5] clearly sustain the conclusion below that the evidence was insufficient to show a prima facie excessive assessment because it was confined to a method of valuation which does not consider existing timber volume to be an appropriate item for valuation except perhaps as an average index to land productivity.
We are unable to find in the provisions of F.S. Sec. 193.11 (3),[6] F.S.A., any support for petitioner’s position. The application of that statute in relation to general assessment procedures was fully considered in the Markham case, supra: “For example * * * ‘the present cash value of the property’ as to agricultural property would be read and interpreted as if it stated ‘the present “agricultural” cash value of the property * * £.’ ” The problems inherent in this application of the agricultural use statute, in excluding value for other potential uses, cannot logically or lawfully be solved by reading into the statute an intent to restrict the method of valuation of such property. Nor does the statute prohibit distinctions between one agricultural use and another in determining whether evidence is prima facie sufficient to require proof in support of a presumptively valid assessment.
An alternative point urged by petitioner is that the administrative prescriptions governing assessment procedures promulgated under authority of F.S. Sec. 192.31, F.S.A.,[7] should be construed as providing one exclusive method of valuation, the capitalized net income method, for tim-berlands. That construction of the statute and implementing regulations must in our opinion be rejected. Sec. 192.31 expressly limits such promulgations to “standard measures of values not inconsistent with those standards provided by law,” and does not purport to delegate authority to prescribe exclusive standards or methods of valuation. We therefore adhere to the conclu *314 sion in Burns v. Butscher[8] that these provisions do not materially interfere with the right and duty of tax assessors to utilize varying information and methods of assessment in addition to those prescribed.
For the reasons above stated we approve the decision as to forestry lands involved in this cause.[9] Our review of the record with respect to the pasture assessment also sustains the judgment below.
The writ of certiorari is accordingly discharged.
ERVIN, C. J., and THORNAL and BARNS (Retired), JJ., concur.
ADKINS, J., dissents with opinion.

. Fla.App.1968, 210 So.2d 725.

. “193.021 Method of assessment of property. — The county assessor of taxes of the several counties shall assess all the real and personal property in said counties in such a manner as to secure a just valuation as required by Section 1, Article IX of the state constitution. In arriving at a just valuation, the county assessors of taxes of the several counties shall take into consideration the following factors:
(1) The present cash value of the property;
(2) The highest and best use to which the property can be expected to be put in the immediate future; and the present use of the property;
(3) The location of said property;
(4) The quantity or size of said property ;
(5) The cost of said property and the present replacement value of any improvements thereon;
(6) The condition of said property;
(7) The income from said property; and
(8) The net proceeds of the sale of the property, * *

.Fla.1965, 175 So.2d 526.

. Walter v. Schuler, Fla.1965, 176 So. 2d 81, construing Sec. 1, Art. IX, of the Fla.Const.: “ * * * we have concluded after earnest study * * * to adopt the chancellor’s idea, that ‘fair market value’ and ‘just valuation’ should be declared ‘legally synonymous’ * *

. Sec. 193.22, F.S.

. “(3) All lands being used for .agricultural purposes shall he assessed as agricultural lands upon an acreage basis,

. “192.31. Powers and duties of comptroller and state planning and budget commission as to uniformity.—
“ * * * The comptroller shall, upon approval thereof by the state planning and budget commission, establish and promulgate standard measures of values not inconsistent with those standards provided by law to be used by tax assessors in all counties, including taxing districts, in arriving at assessments of all property, which standard measures of values shall be deemed and held prima facie to be the standard measures of just valuation contemplated by the constitution of this state in matters of taxation, and tax assessors and county boards of equalization shall follow and apply such standard measures of values in arriving at assessments of all property, and the burden shall be upon any assessor or county board of equalization refusing to follow such standard to overcome the presumption by a preponderance of the evidence. * * *»

. Fla.1966, 187 So.2d 594.

. See also the opinion filed Sept. 11, 1968 in Powell v. Kelly, Fla.App., 1st Dist., 214 So.2d 347.