300 So.2d 46 (1974)
R.D. HERMES and Theresa Hermes, Appellants,
v.
Elizabeth ANTON, Appellee.
No. 73-1517.
District Court of Appeal of Florida, Third District.
September 10, 1974.
Rehearing Denied October 1, 1974.
Myles J. Tralins, Miami, for appellants.
James O. Nelson, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellants appeal an adverse summary final judgment entered in favor of the defendant in this action to recover damages for fraud in the inducement.
Defendant-appellee Elizabeth Anton, the owner of certain real property which was the subject of a condemnation proceeding, advertized the property for rent. Plaintiff-appellants, who were moving to Miami from Colorado, entered into a written agreement to lease the property for a period of one year at a monthly rental of $400, and thereupon tendered to the defendant *47 $400 as a security deposit. Prior thereto, defendant had informed appellants that the State was planning to condemn the property in a year or a year and a half to construct a highway. Plaintiffs, Mr. and Mrs. Hermes, moved into the premises and made extensive repairs. After having paid two months' rent, they were informed by an agent for the State that they would have to vacate because the property now was owned by the State. Thereafter, despite defendant's assurances to the contrary, plaintiffs were forced to vacate the premises and obtain new housing at additional expense. Defendant refused to return to plaintiff-appellants their security deposit. Plaintiff-appellants then filed their complaint to recover damages for fraud in the inducement and alleged therein that defendant at the time of the execution of the lease knew that the subject property already had been condemned by the State and therefore had misrepresented her ownership thereof. At the pre-trial conference the trial judge refused to consider plaintiffs' proffer of certified copies of documents regarding the condemnation of the subject property by the State which demonstrated that the condemnation was substantially completed prior to the execution of the lease agreement. After reviewing the depositions of the plaintiff and finding that the plaintiffs had actual notice that the State intended to acquire the subject property, the trial judge entered summary final judgment for the defendant. Plaintiffs appeal therefrom and we reverse.
Generally, the issue of fraud is not a proper subject of a summary judgment. Fraud is a subtle thing requiring a full explanation of the facts and circumstances of the alleged wrong to determine if they collectively constitute a fraud. Automobile Sales, Inc. v. Federated Mutual Implement and Hardware Insurance Company, Fla.App. 1972, 256 So.2d 386 and cases cited therein. After a careful examination of the record on appeal, we conclude that there exists a genuine issue of material fact as to whether or not the defendant-appellee had title to or, at the very least, was put on notice of the date of the taking of the subject property at the time she entered into the lease with the plaintiff-appellants. Thus, we find that the trial court erred in refusing to admit appellants' proffer of the certified copies of the documents regarding the condemnation of defendant's property which included the date of the order of the taking which would have divested the appellee of legal title thereto. Accordingly, the summary judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.