PER CURIAM.
The Dade County Property Appraiser, the Tax Collector and the Department of Revenue appeal a judgment of the trial court which reduced the Property Appraiser’s assessment on the Fontainebleau Hilton Hotel complex by 5.7 million dollars.
Since purchase of the complex out of bankruptcy in 1978 for $28 million the taxpayer has spent over $25 million for improvements. As of the January 1, 1981, assessment date over $65 million in mortgages and equity contributions had been invested in the property.
The Property Appraiser’s $47.5 million assessment was challenged by a petition to the Property Appraisal Adjustment Board (PAAB). Based on updated income information furnished by the taxpayer the PAAB valued the property at $50.3 million and recommended that the assessment not be reduced.
This circuit court action, brought against the appellants for a reduction in the assessment, was tried non-jury. The evidence included eight separate value estimates. Two “challenge valuations” by the taxpayer’s experts fixed the property value at $42 million and $43.3 million. Two experts called by the Property Appraiser gave assessed values of $54.8 and $69 million. Two $80 million valuations were given the property by the mortgage lender. The judgment reflects a value less than that assigned by either of the taxpayer’s own experts.
A number of issues are raised by the appellants. We consider only two issues and reverse.
First, the fact that the taxpayer’s method of valuation may be better is no basis for overturning the appraiser’s presumptively valid assessment where the appraiser has considered all factors mandated by the law and his methods and conclusions are supported by any reasonable hypothesis of a legal assessment. Blake v. Xerox Corp., 447 So.2d 1348 (Fla.1984); Bath Club, Inc. v. Dade County, 394 So.2d 110 (Fla.1981).
Second, the final judgment, lowering the assessment below the taxpayer’s challenge valuations, is not supported by competent and substantial evidence. See Zinger v. Gattis, 382 So.2d 379 (Fla. 5th DCA 1980).
The judgment and cost award are reversed and the cause is remanded with instructions to reinstate the Property Appraiser’s assessment.