552 So.2d 1139 (1989)
PENINSULA YACHT CAY DEVELOPMENT, INC., Robert Smoley and Stephen Katz, Peninsula Development Group, Appellants,
v.
SOUTHERN FLORIDABANC SAVINGS ASSOCIATION, Appellee.
No. 89-462.
District Court of Appeal of Florida, Third District.
October 17, 1989.
Rehearing Denied December 11, 1989.
Kelvin L. Averbuch, Orlando, for appellants.
Katz, Barron, Squitero & Faust, and Fred R. Kucker and Beth F. Jacobi, Miami, for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
Peninsula Yacht argues several inapplicable theories in support of its contention that the trial court erred in granting summary judgment in favor of Southern Floridabanc Savings (Southern) on their counterclaim against Peninsula Yacht Cay Development, Inc. (Peninsula). Appellee's res judicata and law of the case theories are similarly inapplicable. The issue before us is simply whether there are any genuine issues of material fact which preclude summary *1140 judgment. Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501 (Fla. 1982).
Peninsula contends that because it has alleged fraud as an affirmative defense, the court was precluded from rendering summary judgment, citing Nessim v. DeLoache, 384 So.2d 1341 (Fla. 3d DCA 1980); Hermes v. Anton, 300 So.2d 46 (Fla. 3d DCA 1974); Automobile Sales, Inc. v. Federated Mut. Implement & Hardware Ins. Co., 256 So.2d 386 (Fla. 3d DCA 1972). Nevertheless, there are circumstances which will permit summary judgment even where fraud is alleged. Bryant v. Small, 236 So.2d 150 (Fla. 3d DCA 1970).
In this case, the fraud count is based on allegations of material misrepresentation concerning the bank's efforts to secure additional financing for Peninsula. Southern had agreed to use its best efforts to secure additional funding if Peninsula required more funds. In support of its motion for summary judgment, the bank filed an affidavit of its officers stating that it had used its best efforts to aid Peninsula in securing additional financing but that its efforts were unsuccessful. The affidavit was uncontroverted.
Because it was undisputed that the bank used its best efforts to obtain additional financing, albeit unsuccessfully, the facts do not support a claim for fraud or misrepresentation. See Landers v. Milton, 370 So.2d 368 (Fla. 1979) (once movant for summary judgment tenders competent evidence demonstrating nonexistence of genuine issue of material fact, opposing party must come forward with counter evidence sufficient to reveal a genuine issue); Fla.R. Civ.P. 1.510.
The summary judgment is affirmed.