## ROBBINS v MORI, et al.
### Case No. 87-23486 CA 19
Eleventh Judicial Circuit, Dade County
September 19, 1990

### APPEARANCES OF COUNSEL

**Robert A. Ginsburg,** Dade County Attorney, and **Daniel A. Weiss,** Assistant County Attorney, for plaintiff.

**David M. Goldstein, Esquire,** Goldstein & Goldstein, P.A., for defendant/taxpayer.

**Robert A. Butterworth,** Attorney General, and **Joseph C. Mellichamp, III,** Assistant Attorney General, for defendant/Executive Director of the Department of Revenue.

## OPINION OF THE COURT

JACK M. TURNER, Circuit Judge.

### FINAL SUMMARY JUDGMENT

THIS CAUSE came before the Court on August 7, 1990, pursuant to notice on the Plaintiff-Property Appraiser's Motion for Final Summary Judgment Against the Taxpayer. Having considered the pleadings, answers to interrogatories and admissions on file, together with affidavits, in light of extensive argument of counsel and the applicable authorities, the Court hereby grants the Property Appraiser's motion and enters judgment in favor of the Property Appraiser and against the taxpayer based on the following findings of undisputed fact and conclusions of law.

### FINDINGS OF UNDISPUTED FACT

1. This action was filed by the Dade County Property Appraiser to reinstate his preliminary tax assessment for 1986 with respect to a certain parcel of real property after a Property Appraisal Adjustment Board-ordered assessment reduction.

2. The subject property is located at 5400 N.W. 159th Street and is known as the Spring Lake Apartments. (Request for Admission No. 2). The subject property contains 108 rental units situated on a 3.9-acre parcel of a 28.86-acre site. (Requests for Admission Nos. 3, 4 and 5).[1]

3. Upon the taxpayer's petition, the Property Appraisal Adjustment Board (P.A.A.B.) reduced the assessment of the property from $4,317,089 to $3,203,240 for 1986. (Request for Admission No. 1). By his Complaint and Motion for Final Summary Judgment Against the Taxpayer, the Plaintiff-Property Appraiser asserted that this 25.8-percent reduction resulted in a P.A.A.B. assessment of less than the "just (fair market) value" of the subject property, in violation of article VII, section 4 of the Florida Constitution and section 193.011, Florida Statutes (1985).

4. Attached to the Property Appraiser's Motion for Final Summary Judgment Against the Taxpayer was the affidavit of Senior Property Appraisal Supervisor Robert M. Perez, who was responsible for prepar-

---

[1] The remaining 24.96 acres of the subject property were in commercial agricultural use as of the January 1, 1986 assessment date and received agricultural ("Greenbelt") classification, thereby reducing the assessment by $1,467,596. (Requests for Admission Nos. 6, 7 and 8). The Greenbelt classification and concomitant assessment reduction are not at issue in this action.

ing the subject assessment.[2] The affidavit stated that in preparing the contested assessment, the Property Appraiser considered all eight factors or criteria enumerated in section 193.011, Florida Statutes. No testimony or evidence was offered in opposition to this assertion; no depositions were taken, filed of record or proffered herein.

5. The taxpayer's answers to interrogatories were filed along with the Property Appraiser's Motion for Summary Judgment. When asked to list all of the established assessing procedures, recognized appraisal procedures, statutory requirements and rules and regulations which he contended the Property Appraiser failed to follow or utilize in preparing the preliminary assessment, the taxpayer responded "Unknown to Taxerpayer—Question should be directed to Special Master." (Answer to Interrogatory No. 3). The taxpayer adopted precisely the same answer when asked for detailed information specifying comparable sales data, cost data and income data utilized by the taxpayer in arriving at his opinion of the just value of the subject property for the year in question of $3,203,240 (Answers to Interrogatories Nos. 4, 5, 6 and 1).

6. The only other factual material offered by the taxpayer in opposition to the Property Appraiser's summary judgment motion was an affidavit "faxed" to the Property Appraiser's counsel the day before the summary judgment hearing. Over the objection of the Property Appraiser's counsel, the affidavit was filed with the Court during the summary judgment hearing. This affidavit of the taxpayer's tax challenge agent stated "After reviewing the Special Master's transcripts, comparable data, income data and all other pertinent real estate data, it is my opinion that the valuation as determined by the Special Master is fair and correct and should be upheld."

## CONCLUSIONS OF LAW

7. The Florida Constitution, statutes and Department of Revenue regulations mandate that all real property (with certain exceptions inapplicable to the summary judgment issue herein) be assessed for purposes of ad valorem taxation at "just value," i.e., fair market value. Art. VII, § 4, Fla. Const.; § 193.011, Fla. Stat. (1985); Rule 12D-8.001(1)(a), Fla. Admin. Code; *Bystrom v Whitman,* 488 So.2d 520, 521 (Fla. 1986); *Southern Bell Telephone & Telegraph Co. v County of*

---

[2] Mr. Perez's testimony has been adopted by the Third District Court of Appeal in *Bystrom v Valencia Center,* 432 So.2d 108 (Fla. 3d DCA 1983), *rev. denied,* 444 So.2d 418 (Fla. 1984), and *Florida Rock Industries, Inc. v Bystrom,* 15 Fla. Supp. 2d 27, 28, paragraph 2, 29 paragraphs 5 and 6 (Fla. 11th Cir. Ct. 1985), *aff'd,* 485 So.2d 442, 443-444 paragraphs 2, 5 & 6 (Fla. 3d DCA), *rev. denied,* 492 So.2d 1332 (Fla. 1986).

*Dade,* 275 So.2d 4, 8 (Fla. 1973); *St. Joe Paper Co. v Brown,* 223 So.2d 311, 313 (Fla. 1969); *Walter v Schuler,* 176 So.2d 81, 85-86 (Fla. 1965); *Florida Rock Industries, Inc. v Bystrom,* 15 Fla. Supp.2d 27, 31 paragraph 12 (Fla. 11th Cir. Ct. 1985), *aff'd.* 485 So.2d 442, 446 paragraph 12 (Fla. 3d DCA), *rev. denied,* 492 So.2d 1332 (Fla. 1986).

8. In tax assessment cases, the Property Appraiser's preliminary assessment is presumed correct. *E.g., Whitman,* 488 So.2d at 521; *Blake v Xerox Corp.,* 447 So.2d 1348, 1350 (Fla. 1984); *Straughn v Tuck,* 354 So.2d 368, 371 (Fla. 1977); *Bystrom v Equitable Life Assurance Society of the United States,* 416 So.2d 1133, 1145 (Fla. 3d DCA 1982), *rev. denied,* 429 So.2d 5 (Fla. 1983). This presumption of validity arises from the proposition that property appraisers are constitutional officers whose official acts are clothed with the presumption of correctness. *Tuck,* 354 So.2d at 371.

9. A taxpayer cannot prevail against the Property Appraiser simply by showing that the taxpayer's appraisal is preferable to the assessment. Instead, the taxpayer must prove that the Property Appraiser's preliminary assessment cannot be supported by any reasonable hypothesis of legality. *Whitman,* 488 So.2d at 521; *Xerox,* 447 So.2d at 1350; *Tuck,* 354 So.2d at 371; *Bystrom v Hotelerama Associates, Ltd.,* 511 So.2d 640, 641 (Fla. 3d DCA), *cause dism.,* 519 So.2d 987 (Fla. 1987); *Florida Rock Industries,* 15 Fla. Supp. 2d at 32 paragraph 14, 485 So.2d at 446 paragraph 14; *Equitable,* 416 So.2d at 1145. The phrase "reasonable hypothesis of legality" corresponds to the three standard approaches to valuation; income (or economic), market (or comparable sales), and cost. *Whitman,* 488 So.2d at 521; *District School Board of Lee County v Askew,* 278 So.2d 272, 275 (Fla. 1973); *Homer v Dadeland Shopping Center, Inc.,* 229 So.2d 834, 837-38 (Fla. 1970); *Powell v Kelly,* 223 So.2d 305, 308 (Fla. 1969); *Calder Race Course, Inc. v Overstreet,* 363 So.2d 631 (Fla. 3d DCA 1978); *City National Bank of Miami v Blake,* 257 So.2d 264, 266 (Fla. 3d DCA 1972); *Aeronautical Communications Equipment, Inc. v Metropolitan Dade County,* 219 So.2d 101, 104 (Fla. 3d DCA) *cert. denied,* 225 So.2d 911 (Fla. 1969); *McNayr v Claughton,* 198 So.2d 366, 368 (Fla. 3d DCA 1967); *Balmoral Condominium Ass'n, Inc. v Bystrom,* 15 Fla. Supp.2d 34, 36 paragraph 4 (Fla. 11th Cir. Ct. 1985). This extraordinary burden of proof, much weightier than the standard civil burden of preponderance of the evidence, is a heavy but appropriate one. *Tuck,* 354 So.2d at 371.

10. The circuit court is charged with reviewing the "preliminary assessment," not the P.A.A.B.'s review of that assessment. *Equitable,* 416 So.2d at 1141. The proceeding in circuit court is de novo, and not

**67**

a certiorari-type review of the P.A.A.B. proceeding. § 194.036(3), Fla. Stat. (1985). It follows that a "reduced valuation made by the Property Appraisal Adjustment Board . . . constitute[s] no evidence in the de novo proceeding of the property's value [citing *Equitable*]." *Muss v Blake*, 416 So.2d 2, 3 (Fla. 3d DCA), *rev. denied*, 424 So.2d 762 (Fla. 1982).

11. Viewed in a light most favorable to the nonmovant taxpayer herein, the taxpayer's answers to interrogatories and his tax challenge agent's affidavit did no more than to assert the correctness of the Property Appraisal Adjustment Board's reduction. Assuming without determining the adequacy of service,[3] timeliness of filing[4] and legal sufficiency[5] of the tax challenge agent's affidavit, neither the affidavit nor the taxpayer's answers to interrogatories dispute that the Property Appraiser's assessment was made in substantial compliance with section 193.011, Florida Statutes (1985). Consequently, the assessment is entitled to be presumed correct. *E.g., Equitable*, 416 So.2d at 1145. Since the record evidence pointed to by the taxpayer at hearing did not show that there was no reasonable hypothesis to support the Property Appraiser's assessment, the taxpayer has failed to carry his burden of controverting the Property Appraiser's summary judgment showing. *See, e.g., Blake v Oceancoast Corp.*, 417 So.2d 1002, 1003 (Fla 3d DCA), *rev. denied*, 424 So.2d 762 (Fla. 1982); *Muss v Blake*, 416 So.2d at 3; *Equitable*, 416 So.2d at 1145.

[3] *Contra* Fla. R. Civ. P. 1.510(c); 1.080(d) (service of summary judgment affidavit must be by hand or mail).

[4] *Contra Burton v GOV Contracting Corp.*, 552 So.2d 293, 298 (Fla. 2d DCA 1989) (summary judgment counteraffidavit must be filed with the court *prior* to the start of the hearing on the motion); Fla. R. Civ. P. 1.510(c). *Compare Auerbach v Alto*, 281 So.2d 567 (Fla. 3d DCA 1973) (summary judgment counteraffidavits required to be filed no later than *the day* prior to the hearing), *cert. denied*, 297 So.2d 31 (Fla. 1974); *Hardcastle v Mobley*, 143 So.2d 715 (Fla. 3d DCA 1962) (same).

[5] The Property Appraiser objected to the taxpayer's tax challenge agent's affidavit as legally insufficient on several grounds. Among these were the affiant's failure to show affirmatively that he is a real estate broker in the State of Florida as required by law to appraise and give an opinion of the value of real property in this state. *Foulk v Florida Real Estate Commission*, 113 So.2d 714 (Fla. 2d DCA 1959); § 475.01(c), Fla. Stat. (1989); § 90.702, Fla. Evid. Code (1989). The Property Appraiser also contended that the affidavit was legally insufficient because it failed to show affirmatively that the affiant was competent to testify to the matters stated therein, *Harrison v Consumers Mortgage Co.*, 154 So.2d 194, 195 (Fla. 1st DCA 1963); Fla. R. Civ. P. 1.510(e), and that the information contained in the affidavit would be admissible at trial. *Garwood v Equitable Life Assurance Society of the United States*, 299 So.2d 163, 165 (Fla. 3d DCA 1974).

12. Florida Rule of Civil Procedure 1.510(c) provides that summary judgment shall be rendered forthwith if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In discussing the identically-worded Federal Rule of Civil Procedure 56(c), the United States Supreme Court has stated that the moving party bears the initial burden of informing the Court of the basis of its motion, and identifying those portions of the pleadings and evidence which it believes demonstrate the absence of material fact so as to warrant entry of summary judgment. *Celotex Corp. v Catrett,* 477 U.S. 317, 323, 106 S.Ct. 1547, 1553, 91 L.Ed. 2d 265, 274 (1986). When the moving party has carried its burden, the burden then shifts to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to material facts," *Matsushita Elec. Indus. Co. v Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 552 (1986), and to present specific facts showing that there is a genuine issue for trial.

13. Summary judgment is mandated

"against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v Catrett,* 477 U.S. at 322-23, 106 S.Ct. at 2552, 91 L.Ed.2d at 273 (1986). In *Celotex,* the Court emphasized that summary judgment procedure should be regarded "not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' " *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555, 91 L.Ed.2d at 276. *Accord* Fla. R. Civ. P. 1.010. If there is no genuine issue of material fact, summary judgment is proper because it avoids needless and costly litigation and promotes judicial efficiency. *Trustees of the Plumbers Local No. 519 Health and Welfare Trust Fund v Garcia,* 677 F. Supp. 1554, 1556 (S. D. Fla. 1988).

14. In *Celotex,* the Court stressed the importance of summary judgment procedures as a means of "isolate[ing] and dispos[ing] of factually unsupported claims or defenses." *Id.,* 477 U.S. at 323-24, 106 S.Ct. at 2553, 91 L.Ed.2d at 274. In *Anderson v Liberty Lobby, Inc.,*

477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the United States Supreme Court held that the inquiry involved in ruling on a motion for summary judgment "necessarily implicates" the substantive evidentiary standard of proof that would apply at trial on the merits. *Id.,* 477 U.S. at 252, 106 S.Ct. at 2512, 91 L.Ed.2d at 214. Under the *Anderson* rule, the substantive evidentiary standard of proof applicable at trial on the merits herein is the exclusion by the taxpayer of every reasonable hypothesis of legality. See cases collected at paragraph 9, *supra.* Consequently, after the Property Appraiser carried the movant's initial burden of entering evidence sufficient to support his summary judgment motion, it was the taxpayer's burden to come forward with counterevidence sufficient to reveal a genuine issue of material fact, *DeMesme v Stephenson,* 498 So.2d 673, 675 (Fla. 1st DCA 1986), by showing that he could exclude at trial *each* hypothesis of legal assessment—namely, income, market and cost. *See Landers v Milton,* 370 So.2d 368 (Fla. 1970) (once movant for summary judgment tenders competent evidence demonstrating nonexistence of genuine issue of material fact, opposing party must come forward with counterevidence sufficient to reveal a genuine issue); *Peninsula Yacht Cay Development, Inc. v Southern Floridabanc Savings Ass'n,* 552 So.2d 1139 (Fla. 3d DCA 1989) (same).

15. The appropriate summary judgment question herein is whether the record evidence could support a reasonable finding by this Court sitting as a finder-of-fact at trial that the taxpayer had demonstrated the Property Appraiser's preliminary assessment to be unsupportable under *each* of the aforementioned three approaches to valuation. *See Anderson,* 477 U.S. at 255-56, 106 S. Ct. at 2513-14, 91 L.Ed.2d at 216-17.[6]

16. In the instant case, the taxpayer failed to exclude not only *all three,* but *any* of the three approaches to valuation. Looked at in a light most favorable to the nonmoving taxpayer, that party showed at most a difference of opinion as to the "just value" of the subject property (although unlike the taxpayer's answers to interrogatories, the tax challenge agent failed to so much as mention the controlling "just

---

[6] The Eleventh Circuit Court of Appeals has applied the holding in *Anderson* on several occasions. *E.g., Cottle v Storer Communication, Inc.,* 849 F.2d 570, 575 (11th Cir. 1988) (evidentiary burdens apply; business judgment rule); *Barnes v Southwest Forest Industries, Inc.,* 814 F.2d 607, 609 (11th Cir. 1987) (court must bear in mind "actual quantum and quality of proof" necessary to support liability; age discrimination case); *Dominick v Dixie National Life Ins. Co.,* 809 F.2d 1559, 1572 (11th Cir. 1987) ("discovery" provision in state statute of limitations). So has the federal district court. *United States v Feinstein,* 717 F.Supp. 1552, 1555 (S.D. Fla. 1989) (notice provision in federal tax lien statute).

(fair market) value" standard). A mere difference of opinion as to methodology or amount of assessment, however, is insufficient as a matter of law to overcome the Property Appraiser's presumptively correct assessment. *Blake v Xerox Corp.,* 447 So.2d 1348; *Bath Club, Inc. v Dade County,* 394 So.2d 110 (Fla. 1981); *Keith Investments, Inc. v James,* 220 So.2d 695 (Fla. 4th DCA 1969). Neither the Property Appraiser nor the court is free to deviate from the constitutional "just (fair market) value" standard. *Florida Rock Industries,* 15 Fla. Supp.2d at 30-31 paragraph 13, 485 So.2d at 446 paragraph 13.

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v Liberty Lobby, Inc.,* 477 U.S. at 247-48, 106 S.Ct. at 2510, 91 L.Ed.2d at 211 (emphasis in original). *Accord Seltzer v Inter-national Bank of Miami, N.A.,* 561 So.2d 673, 673 (Fla. 3d DCA 1990). The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v City of Clewiston,* 848 F.2d 1534, 1540 n. 12 (11th Cir. 1988). As the Supreme Court noted in *Anderson,* "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a [finder-of-fact] to return a verdict for that party. If the evidence is merely *colorable,* or is *not significantly probative,* summary judgment may be granted." *Anderson,* 477 U.S. at 249-50, 106 S.Ct. at 2511, 91 L.Ed.2d at 212 (citations omitted) (emphasis added by the Court in *Spence v Zimmerman,* 873 F.2d 256, 257 (11th Cir. 1989); *accord Brown v City of Clewiston,* 848 F.2d at 1534.

17. Under the foregoing circumstances and on the record before this Court, the movant Property Appraiser established that there is no genuine issue of any material fact and that he is entitled to judgment as a matter of law. *North Shore Medical Center, Inc. v Bystrom,* 461 So.2d 167, 169 (Fla. 3d DCA 1985); *Bystrom v Siddha Yoga Dham,* 27 Fla. Supp.2d 105, 106 (Fla. 11th Cir. 1987); Fla. R. Civ. P. 1.510.

Accordingly, it is hereby ORDERED and ADJUDGED that:

1. Plaintiff's Motion for Final Summary Judgment Against the Taxpayer is granted, and judgment is hereby entered in favor of the Plaintiff-Property Appraiser and against the Defendant-taxpayer Eugene Mori;

2. The preliminary assessment is reinstated and the just value for ad valorem tax assessment purposes of the subject property described by Folio No. 30-2118-03-0010 is $4,317,089 for the year 1986;

3. The Dade County Tax Collector is authorized and directed to

submit to the Defendant-taxpayer a revised bill for deficiencies and taxes plus interest at the rate of twelve percent (12%) per year based on the just value set forth in the immediately preceding paragraph of this judgment, as adjusted by the agricultural differential indicated in note 1, *supra,* provided that if unpaid at the expiration of thirty (30) days from the date of the revised tax bill, at such time the Tax Collector shall be authorized to enforce the collection of such taxes as provided by law, without further order of this Court.

DONE and ORDERED in Chambers, at Miami, Dade County, Florida, this 19th day of September, 1990.